# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

KATHY LOCKHART,

    Plaintiff,

vs.

CASE NO. 5:18-CV-01296

DOLGENCORP, LLC, a foreign limited
liability company licensed to do business in
West Virginia doing business as
Dollar General,

    Defendant.

## **O R D E R**

On this day the undersigned held a telephone conference concerning Plaintiff's ***Motion to Compel***. [ECF No. 15] Participating on behalf of Plaintiff was Clayton G. Anderson, Esq. and on behalf of Defendant were Duane J. Ruggier, II, Esq. and Evan Shawn Olds, Esq.

Prior to the conference the undersigned sent an email to the parties notifying them of the Court's concern with Defendant's conduct insofar as Plaintiff was simply moving to compel Defendant to provide deposition dates for Defendant's Rule 30(b)(6) representative and for Richard Hunter. In short, the undersigned announced to counsel from the outset that Plaintiff's ***Motion*** is **GRANTED** for the reasons stated *infra*:

### Background

After sustaining injuries due to a trip and fall at Defendant's store, Plaintiff instituted this action against Defendant alleging that it was negligent in maintaining its premises free from dangerous conditions. In the matter immediately before the Court, Plaintiff seeks dates for depositions of Defendant's Rule 30(b)(6) representative and Richard Hunter, who was identified

1

during the telephone conference as Defendant's in-house claims representative/adjuster who interviewed Plaintiff shortly after the alleged incident.

**Relevant Law**

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required, on motion or on its own, to limit the frequency and extent of discovery, when:

(1) the discovery sought is unreasonably cumulative or duplicative;

(2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(3) the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless of the individual to whom a request is made." Cook v. Howard, 484 Fed.Appx. 802, 812 (4th Cir. 2012).

This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010)).

"When a litigant seeks personal and/or personnel information concerning nonlitigant employees or former employees from the litigant's former employer, production of the requested

information may invade the nonlitigant employees' or former employees' right to privacy." State ex rel. Westbrook Health Servs. v. Hill, 209 W. Va. 668, 647, 550 S.E.2d 646, 652 (2001). To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

In Paull Associates Realty, LLC v. Lexington Insurance Company, 2014 WL 12596397, at *4 (N.D. W.Va. Jan. 9, 2014), the court endorsed situations where a plaintiff "has a 'colorable basis' for suspecting that Defendant is withholding responsive materials." The court ordered the defendant therein to re-answer certain requests for production, because the defendant previously classified certain responses as confidential, yet produced discovery that was "non-objectionable" notwithstanding the objection.

"[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.'" In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D. W.Va. Aug. 17, 2016) (M. J. Eifert) (quoting Amick v. Ohio Power Co., No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D. W.Va. Dec. 18, 2013)).

**Discussion**

Though Defendant's counsel advised during the conference that there were difficulties identifying the Rule 30(b)(6) representative, that particular issue had been ameliorated by the time of the conference and that dates could be provided this day for the deposition of the representative. Defendant objected, however, to Plaintiff's intent to depose Mr. Hunter on the basis that his testimony would be irrelevant as well as protected by work product doctrine.

Plaintiff's counsel further represented during the conference that Defendant's counsel had represented to him that the store manager would be unable to provide any information concerning Plaintiff's trip and fall, however, during her deposition last week, the store manager's testimony revealed that she was indeed aware of the incident, and further testified that she had provided a written incident report concerning same, however, Plaintiff has not been provided a copy of this report. Additionally, Plaintiff's counsel stated testified that a video surveillance of the incident was available, but also not provided to Plaintiff, though to the store manager's credit, she testified that the incident was not on the video.

Defendant's counsel related that the aforesaid was a false representation to this Court by Plaintiff's counsel.[1]

As an initial matter, given the pertinent law and latitude afforded to litigants in obtaining discovery, the undersigned **FINDS** that Plaintiff's request for deposition dates reasonable, and that Plaintiff's request for those witnesses identified in her ***Motion*** is relevant and proportional to the needs of this case; further, as a result of Defendant's dilatory conduct in failing to respond to Plaintiff's long-standing request for deposition dates for these witnesses, the Court hereby **ORDERS** that the depositions of Defendant's Rule 30(b)(6) representative as well as of Richard Hunter shall take place **no later than November 30, 2018**. In order to accommodate Mr. Hunter,

---

[1] To be fair, both counsel for the parties made affirmative representations that opposing counsel were making false representations to the Court and to each other. It is particularly troubling to the undersigned that opposing counsel assert that each has made false representations to the Court, thus in response, the Court encouraged the parties to file appropriate ethics complaints against opposing counsel if, in fact, either counsel has "lied" to the undersigned or to each other. The Court verbally admonished counsel for the lack of civility and diligence regarding this issue. The undersigned also noted the lack of civility and diligence by Defendant's counsel in failing to provide dates for the depositions requested herein. Plaintiff's counsel asserts that he has been attempting to obtain dates since at least August 10, 2018. Even after the undersigned sent an email to counsel encouraging that Defendant's counsel provide Plaintiff's counsel dates for the depositions as requested, however, Defendant's counsel came to the telephonic conference without dates to offer for the depositions. While Defendant's counsel did agree to the 30(b)(6) deposition, he failed to provide any dates for that deposition to be taken but incredibly represented that he would provide dates later this day. Because the main purpose for the telephonic conference was for Defendant to provide dates for the depositions and because Defendant's counsel failed to provide any after urging by the undersigned, the Court granted Plaintiff's request for the depositions in question to be completed on November 30, 2018.

who is located in Nashville, TN, Plaintiff represented that Mr. Hunter's deposition can take place on the same day as Defendant's Rule 30(b)(6) representative and can be completed via video conference. Defendant may state its objection to the deposition of Mr. Hunter on the record, however, the Court **ORDERS** that at no time shall counsel for Defendant instruct this witness not to answer Plaintiff's counsel's inquiries during the deposition.

Accordingly, Plaintiff's *__Motion to Compel__* is **GRANTED**. [ECF No. 15][2]

### Rule 37 Implications

The undersigned announced to the parties that not only was it disturbing that Defendant's counsel failed to provide any substantive response to Plaintiff's simple requests for deposition dates, and also failed to do so prior to the informal conference when the undersigned forecast his concerns via email last Friday, but also that both parties' counsel, as officers of the Court, represented that the other had lied to the other and/or made false representations thereof to the Court. This gives the Court major misgivings as to the course of how discovery has been and may continue to be conducted in this case. Nevertheless, Plaintiff was and is entitled to depose Defendant's designated corporate representative as well as Defendant's claims

---

[2] While the local rules permit for the filing of response to the *__Motion__*, the undersigned's practice has been to hold quick, informal conferences in order to assist the parties to reach a resolution with the goal that the *__Motion__* could be determined to be moot by resolution between the parties. However, in this matter, upon reviewing the pleading filed by Plaintiff, along with the seven (7) exhibits (which outline the multiple emails and letter correspondence from Plaintiff's counsel to Defendant's counsel seeking deposition dates), it was clear that Plaintiff's counsel gave Defendant's counsel seven opportunities to provide dates for the depositions of Richard Hunter and Defendant's 30(b)(6) representative. At no time did there appear to be any objections to the taking of the depositions as stated in response to Plaintiff's emails or correspondence. It became readily apparent to the undersigned that any further delay would encourage litigants to draw matters out in hopes of "running out the clock" in hopes of thwarting the depositions. In that vein, the undersigned believes that requiring the deposition of Mr. Hunter to proceed, considering the objections that Defendant's counsel believes would prevent the admission of Mr. Hunter's testimony at trial, would not harm Defendant's position in this matter as he would be permitted to state all his objections on the record of the deposition. Furthermore, requiring that counsel not instruct Mr. Hunter to not answer Plaintiff's counsel's questions would prevent any further obstruction of this deposition being taken. This approach allows the deposition to go forward and further allows for all of Defendant's objections to the deposition to be preserved for future ruling. The undersigned found this solution to be the most judicially economical resolution considering the obstruction that has taken place to date by Defendant.

representative/adjuster and the mere fact that dates for these depositions would have taken over three months to obtain from Defendant is shocking, and violative of basic notions of civility and fair play. Unfortunately, due to Defendant's unreasonable response to Plaintiff's reasonable and commonplace request, Plaintiff was forced to file this **_Motion_**.

Therefore, pursuant to Rule 37, Plaintiff is invited to file the appropriate motion for sanctions outlining the reasons sanctions are appropriate in this matter and including the time it took prosecute the **_Motion to Compel_**. Defendant shall be allowed to file an appropriate pleading setting forth why this Court should not issue sanctions and any other objections to the accounting of time filed by Plaintiff.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is further requested to send a copy of this Order to counsel of record.

**ENTER: November 19, 2018**.

_____
Omar J. Aboulhosn
United States Magistrate Judge