# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

KATHY LOCKHART,

           Plaintiff,

v.                          CIVIL ACTION NO. 5:18-cv-01296

DOLGENCORP, LLC,

           Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion to Remand* (Document 4), the *Memorandum of Law in Support of Plaintiff's Motion to Remand* (Document 5), the Defendant's *Response to Plaintiffs Motion to Remand* (Document 6), the *Plaintiff's Reply in Support of Plaintiff's Motion to Remand* (Document 7), the *Plaintiff's Response in Opposition to Defendant Dolgencorp, LLC d/b/a Dollar General's Motion to Dismiss Plaintiff's Complaint* (Document 1-12), as well as the *Amended Complaint* (Document 1-7) and *Notice of Removal* (Document 1). For the reasons stated herein, the Court finds that the motion should be granted.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff, Kathy Lockhart, originally filed her complaint in the Circuit Court of Greenbrier County, West Virginia. The Plaintiff named Dolgencorp LLC, d/b/a Dollar General as the Defendant. The Defendant removed the case to this Court on September 14, 2018.

The Plaintiff alleges that on or about October 27, 2016, she was shopping at a Dollar General Store in Lewisburg, West Virginia. The Plaintiff further alleges that the Defendant, "negligently maintained the premises by placing a wire basket at the end of an aisle which was

unsafe and dangerous, which caused [the] Plaintiff to trip, fall, and seriously injure herself." (Amended Compl. at ¶ 6). The Plaintiff's amended complaint sets forth claims for negligence and nuisance.

The Plaintiff filed her motion to remand shortly after removal to this Court, asserting that the Defendant's removal was untimely. The Defendant has responded, and the motion is fully briefed and ripe for review.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et*

---

1 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

*al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Defendant asserted in its notice of removal that federal diversity jurisdiction exists because there is complete diversity of citizenship in this action, and the amount in controversy is greater than $75,000. (Notice of Removal at ¶ 18.) The Plaintiff does not contest diversity of citizenship or the amount in controversy, but argues this case was improperly removed to this Court, because it was removed beyond the thirty-day window in which a case may be properly removed to federal court. (Pl.'s Mem. In Supp. at 4-6.) The Defendant responds and argues that it could not in good faith represent to this Court that the amount in controversy exceeded the jurisdictional amount until Dr. Stephen Cohen was deposed on August 28, 2018, making removal timely.[2] (Def's. Resp. in Opp. at 4.) Therefore, the question before the Court is whether the Defendant's notice of removal is timely.

---

2 Dr. Cohen is a colorectal surgeon who testified that the Plaintiff's fall could have caused incontinence and necessitated sacral nerve stimulation.

28 U.S.C § 1446 "provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removeable.'" *Harris v. Bankers Life and Cas. Co.*, 435 F.3d 689, 692 (9th Cir. 2005) (*quoting* 28 U.S.C. § 1446 (b)(3)).

> In determining whether the grounds for removal were ascertainable from a motion, order or other paper, a court must not inquire into the subjective knowledge of the defendant . . . Instead, the court must 'rely on the face of the initial pleading and on the documents exchanged in the case by the parties . . . [and] requir[e] that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Tolley v. Monsanto Co.,* 591 F.Supp.2d 837, 845 (S.D. W.Va. 2008) (Goodwin) (internal citations omitted). "The 'motion, order, or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996).

In this case it is not ascertainable from the amended complaint that the amount in controversy exceeded $75,000.00. The Plaintiff contends that the Defendant had information confirming an amount in controversy above $75,000 well before Dr. Cohen's deposition. She cites written discovery served on March 15, 2018, a $250,000 settlement demand during a May 10, 2018 mediation, and a reply to a motion to dismiss served on May 16, 2018. Because the timing of the removal is at issue, here, the Court will first focus its attention on the latest filing alleged to have put the Defendant on notice.

The Court applies a preponderance of the evidence standard when the state court complaint does not include an *ad damnum* clause claiming an amount over the jurisdictional minimum. *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 963 (S.D. W.Va. 2011) (*also see McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D. W.Va. 2001). "The amount in controversy is not

what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Id.* at 967.

After reviewing the record, the Court concludes the Defendant had information establishing an amount in controversy exceeding $75,000 no later than May 16, 2018, when the Plaintiff responded to a motion to dismiss. "When a plaintiff demands a sum certain—whether by complaint, stipulation, settlement demand, or the like—the court rarely needs to look any further to determine the amount in controversy." *Ellison v. Credit Acceptance Corp.*, 177 F. Supp. 3d 967, 971 (S.D. W.Va. 2016) (Goodwin). On May 16, 2018, the Plaintiff's response to the Defendant motion to dismiss states that "[t]he medical expenses to date are 85,131.15." The Defendant admits this fact but contends that the "figure was based on an allegation that, at the time, appeared baseless and unbelievable," and removed the case to this Court *after* the state court ruled on the motion to dismiss. This argument is unavailing. First, the "other paper" language in § 1446 implies that a defendant is not required to await a final state court order before filing a notice of removal. *See King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 230 (N.D.W. Va. 1988) ("[A] written order is not necessarily a paramount consideration in determining whether a case is ripe for removal."). Thus, the Defendant was not required to wait until the state court ruled on the motion to dismiss. Even if it was not ripe for removal beforehand, the case was ripe for removal once the Plaintiff responded to the motion to dismiss in state court. Moreover, the law does not require *proof* of a plaintiff's claimed damages at the time of removal. The amount in controversy is based on a plaintiff's allegations, whether or not those allegations are subsequently borne out by evidence. The amount in controversy is what the plaintiff claims or demands, rather than an estimation of the plaintiff's likely recovery if she prevails. As such, the Defendant's arguments about the viability of the Plaintiff's claims and the evidence presented when the Plaintiff

filed her response to the motion to dismiss on May 16, 2018, are lacking in merit. Therefore, the Defendant's removal of the case to this Court on September 14, 2018, some four months after the Defendant's receipt of documents establishing an amount in controversy in excess of $75,000, was not timely. Having made this determination, the Court finds it unnecessary to discuss the written discovery and settlement demand made prior to May 16, 2018.

The Plaintiff has also requested costs and expenses, including reasonable attorney's fees, incurred as a result of the removal. If the Plaintiff intends to pursue the request, the Court will consider the same upon submission of supporting documentation.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court finds that the Defendant has failed to establish federal diversity jurisdiction by a preponderance of the evidence and **ORDERS** that the Plaintiff's *Motion to Remand* (Document 4) be **GRANTED** and that this matter be **DISMISSED** from the docket of this Court and **REMANDED** to the Circuit Court of Greenbrier County, West Virginia, for further proceedings. This Court retains jurisdiction of the request for costs and expenses, including reasonable attorney's fees, only and **ORDERS** that all supporting documentation be submitted **by January 21, 2019**. Lastly, the Court **ORDERS** that all other pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Greenbrier County, to counsel of record, and to any unrepresented party.

ENTER: January 8, 2019.

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA