# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

KATHY LOCKHART,

        Plaintiff,

v.                               CIVIL ACTION NO.  5:18-cv-01296

DOLGENCORP, LLC,

        Defendant.


### MEMORANDUM OPINION AND ORDER


The Court has reviewed the *Plaintiff's Motion for Attorney's Fees and Applicable Costs* (Document 48), the *Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees and Applicable Costs* (Document 49), the *Defendant's Response to Plaintiff's Motion for Attorney's Fees and Applicable Costs* (Document 50), and the *Reply in Support of Plaintiff's Motion for Attorney's Fees and Applicable Costs* (Document 51).   For the reasons stated herein, the Court finds that the Plaintiff's motion should be granted.

The Defendant asserted federal diversity jurisdiction as the basis for its removal of this case.   The Plaintiff moved to remand, asserting that the removal was untimely.   The Plaintiff alleges that she was injured in a fall at a Dollar General Store in Lewisburg, West Virginia.   The Defendant removed the case to this Court on September 14, 2018, and contended that it learned that the amount in controversy exceeded $75,000 only through an expert deposition taken on August 28, 2018.   The Court found that the Defendant had information alerting it that the amount

in controversy exceeded the jurisdictional threshold no later than May 16, 2018, when the Plaintiff noted medical expenses totaling more than $85,000 in a response to a motion to dismiss.

The Plaintiff argues that the removal was clearly untimely and frivolous, and seeks attorney's fees totaling $4,485 for 13.8 hours, billed at a rate of $325 per hour. The Plaintiff's attorney, Clayton Anderson, has approximately twenty years of experience, and the fee request is supported by affidavits from local attorneys, attesting to both Mr. Anderson's skill and the reasonableness of his requested rate. The Plaintiff does not seek fees for the hours expended by staff. The Defendant argues that it had an objectively reasonable basis for removal because it did not believe the medical expenses cited and claimed by the Plaintiff were actually related to her fall. It does not otherwise contest the amount or calculation of the Plaintiff's fee request. Both parties also present arguments regarding discovery disputes and other asserted misconduct unrelated to the improper removal of this matter, which the Court declines to address.

28 U.S.C. §1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court went on to explain:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140.

The Court finds that the Defendant lacked an objectively reasonable basis for the untimely removal.   The Plaintiff filed a document asserting medical expenses of more than $85,000 related to a fall in the Dollar General approximately four months prior to the Defendant's removal.   That amount was clearly in dispute, regardless of the Defendant's assessment of the merits of the Plaintiff's claims.   Therefore, the Court finds that it is appropriate to award the Plaintiffs attorneys' fees to defray the costs associated with the improper removal.

When considering motions for attorneys' fees available by statute, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   A district court's assessment of the requested award should include consideration of hours which were spent excessively, redundantly, or unnecessarily.   *Id.* at 434.   This starting calculation is referred to as the lodestar amount. *Grissom v. The Mills Corp*., 549 F.3d 313 (4th Cir. 2008).   To determine the reasonable hourly rate, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."   *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

The Fourth Circuit Court of Appeals has provided further guidance on the calculation of reasonable attorneys' fees and has established twelve factors that a district court should consider when calculating reasonable attorneys' fees.   These factors are known as the *Johnson* factors and are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the

time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom*, 549 F.3d at 321. Upon completion of this lodestar calculation, a "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom*, 549 F.3d at 321 (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Johnson*, 278 F.3d at 337.

Here, the Defendant has not contested Plaintiffs' counsel's requested hourly rate of $325, which the Court finds to be reasonable. The Defendant has not contested the claimed hours, which the Plaintiff supported with billing records. The Court finds that Plaintiffs' counsel's hours and hourly rate are reasonable.[1] He is a well-qualified, experienced attorney. The legal questions raised by the removal and remand are not complex but did require both legal and factual research and briefing. Further, it may be difficult to obtain counsel for personal injury cases of this nature, with relatively low potential value. The Defendant's improper removal increased the work involved in pursuing the case and delayed work toward resolution of the core issues, including necessitating a delay of the trial date that had been approaching in state court at the time of removal. The Plaintiffs' counsel kept careful records detailing the time spent in each discrete task involved in reviewing the notice of removal, researching the legal issues involved, attempting

---

[1] The Plaintiff's counsel indicated that he would also seek reimbursement for costs associated with Westlaw research, which were not ascertainable at the time the motion was filed. He has made no attempt to supplement the record with documentation or an accounting of such costs, so none will be awarded.

to negotiate with the Defendant's counsel to stipulate to remand, and drafting, editing, and submitting the motion to remand. A total of 13.8 hours on those tasks is likewise reasonable and in line with awards in similar cases.

Accordingly, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Attorney's Fees and Applicable Costs* (Document 48) be **GRANTED** and that the Plaintiff be awarded **$4,485** in fees.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:     July 15, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA